UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| EQUISTAR CHEMICALS, LP | : | CIVIL ACTION NO. 2:13-cv-02642 |
| VS. | : | JUDGE TRIMBLE |
| MASCHINENFABRIK ALFING KESSLER GMBH | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

Currently before the court are Equistar Chemical, LP's ("Equistar") Motion for Extension of Time to File a Response to defendant's Motion to Dismiss [doc. 14] and Motion to Conduct Jurisdictional Discovery. Doc. 18. The motions are opposed by defendant, Maschinenfabrik Alfing Kessler GmbH ("MAK"). For the following reasons:

**IT IS ORDERED** that the Motion for Extension of Time to File a Response to defendant's Motion to Dismiss and the Motion to Conduct Jurisdictional Discovery are **GRANTED**.

## BACKGROUND

On August 20, 2013, Equistar filed a complaint in the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, against MAK seeking damages pursuant to the Louisiana Products Liability Act for the manufacture and sale of a defective crankshaft. Doc. 1, att. 1, p. 2. On September 10, 2013, MAK removed to this court pursuant to 28 U.S.C §§ 1332, 1441(a), and 1446. Doc. 1. MAK filed a Rule 12(b)(2) Motion to Dismiss on May 19, 2014 seeking dismissal for lack of personal jurisdiction. Doc. 14. On June 6, 2014, Equistar filed its motion

for extension of time to file a response to defendant's motion to dismiss and a motion for leave to conduct jurisdictional discovery which are now ripe for consideration.  Doc. 18.

Equistar argues that in order to properly oppose the pending motion to dismiss for lack of personal jurisdiction filed by MAK, it should be allowed to conduct discovery on the limited issue of this court's personal jurisdiction over MAK.  In response, MAK asserts that jurisdictional discovery is not warranted because Equistar has not plead specific evidence that it intends to uncover through discovery or how that evidence will support its allegations of personal jurisdiction.

## LAW AND ANALYSIS

Generally, Federal Rule of Civil Procedure 26(d)(1) prohibits parties from engaging in discovery prior to a Rule 26(f) conference.  However, an exception to the general prohibition against pre-conference discovery applies when discovery is "authorized by … court order."  Fed. R. Civ. P. 26(d)(1).

Although the Fifth Circuit has not established a standard for allowing expedited discovery, many courts, including courts in this district, grant discovery before a Rule 26(f) conference where "good cause" exists.  *See, e.g., Wilson v. Samson Contour Energy E & P, LLC*, 2014 WL 2949457, at (W.D. La. June 30, 2014); *BKGTH Prods., LLC v. Does,* 2013 WL 5507297 (E.D. La. Sept. 30, 2013).  Under a "good cause" analysis, courts "examine the discovery request on the entirety of the record to date and the reasonableness of the request in light of all the surrounding circumstances."  *Wilson*, 2014 WL 2949457, at* 2 (quoting *BKGTH Prods., LLC,* 2013 WL 5507297, at *5).  Good cause exists where "the need for expedited discovery outweighs the prejudice to the responding party."  *BKGTH Prods., LLC,* 2013 WL 5507297, at *5 (quoting *St. Louis Group, Inc., v. Metals and Additives Corp., Inc.*, 275 F.R.D.

236, 239-40 (S.D.Tex.2011).  The party seeking expedited discovery has the burden to establish good cause.  *BKGTH Prods., LLC,* 2013 WL 5507297, at *5 (citing *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003).   The court may deny a request to conduct jurisdictional discovery where the party invoking discovery fails to describe the discovery it seeks to conduct, the evidence it expects to discover, and how that evidence would advance its allegations of the court's personal jurisdiction over another party.  *Kelly v. Syria Shell Petroleum Dev. B.V.,* 213 F.3d 841, 856 (5th Cir. 2000).

Here, Equistar argues that jurisdictional discovery will uncover additional facts indicating that MAK could have foreseen or anticipated that the crankshaft it manufactured would make its way to Louisiana through interstate commerce.  Docs. 18, 27.  Equistar claims it will uncover facts which may demonstrate MAK had knowledge or an expectation that its product could be found in Louisiana through the chain of distribution; particularly due to MAK's contract with Rolls Royce, a distributor of engines in the United States.  *Id.*

Equistar also maintains that through jurisdictional discovery it will uncover the relationship between MAK and Alfing Corporation, a subsidiary of MAK's parent company which is based in Michigan and provides products and services to customers in the United States and North America.[1]  *Id.*  Equistar states that inquiry into the corporate relationship may suggest that MAK knew that its crankshaft could be used in Louisiana and thus could reasonably anticipate being hailed into court in Louisiana.  *Id.*  Equistar asserts that discovery on the amount of crankshafts MAK sold to Rolls Royce may produce evidence relevant to jurisdiction because the total number produced and sold through the stream of commerce is relevant to a specific jurisdiction analysis.  *Id.*

In opposition, MAK relies on an affidavit of its managing director, Konrad Grimm [doc.

---

[1] Equistar relies on Alfing Corporation's internet website in support of this assertion.

14, att. 7] which it submitted in support of its motion to dismiss.[2]  MAK maintains that the affidavit shows that there is no evidence that Equistar can uncover that would show that MAK has any contacts with Louisiana.  Doc. 22.

In response to Equistar's arguments, MAK submits that it has no connection with Louisiana because the crankshaft was sold and delivered to Equistar in Norway and then transported to Louisiana by Equistar.  *Id.*  It maintains that the stream of commerce ended in Norway when Equistar accepted delivery of the product.  *Id.*  It further submits that Equistar's argument regarding the relationship between Alfing Corporation and MAK is misplaced.  MAK disputes Equistar's allegations as the statements on Alfing Corporation's website..  Doc. 28.

The court finds that Equistar has established good cause for jurisdictional discovery and will allow Equistar an opportunity to challenge the facts as presented by MAK in its motion to dismiss.  The court notes that MAK's emphasis in its briefs is on this court's lack of personal jurisdiction which is the subject of the motion to dismiss, not the basis of the instant motion.  Instead, this court is called upon to determine whether or not Equistar's request is reasonable in light of the surrounding circumstances, i.e. the motion to dismiss.  The court finds that Equistar has set forth sufficient evidence of what it intends to pursue in discovery that would tend to support a finding of personal jurisdiction.  The court further notes that by limiting the scope and duration of discovery MAK will not be prejudiced.

## CONCLUSION

For the foregoing reasons:

---

[2] The affidavit states, in part, that MAK has no office, officers, employees, agents, sales representatives, bank accounts, real estate, or personal property in Louisiana.  It additionally states that MAK has never sold, shipped, or delivered crankshafts to Louisiana.  Doc. 14, att. 7.

**IT IS ORDERED** that Equistar's Motion for Extension of Time to File a Response to defendant's Motion to Dismiss and Motion for Leave to Conduct Jurisdictional Discovery [doc. 18] is **GRANTED.**

**IT IS FURTHER ORDERED** Equistar is given 45 days within which to conduct discovery on the issues raised in MAK's motion to dismiss.

**IT IS FURTHER ORDERED** that the Motion to Dismiss [doc.14] be stayed pending the conclusion of the discovery period and that Equistar is given 30 days following the conclusion of the discovery period in which to file its response to the motion to dismiss.

THUS DONE this 28th day of July, 2014.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE